432        APPELLATE COURTS OF ILLINOIS.

Simpson v. Simpson et al.        Elgin City Banking Co. v. Eaton.

EDWARD SIMPSON

v.

GEORGE L. SIMPSON ET AL.

Mr. FRED. S. POTTER, for appellant; that the motion was made in time, cited Adams v. Robertson, 40 Ill. 40.

THE ELGIN CITY BANKING COMPANY

v.

WALDO R. EATON.

TAX UPON CAPITAL STOCK —The decree of the court below dissolving the injunction restraining collection of the tax, is affirmed on the authority of Pacific Hotel Co. v. Lieb et al. 83 Ill. 602.

ERROR to the Circuit Court of Kane county; the Hon. T. D. MURPHY, Judge, presiding.   Opinion filed January 7, 1879.

Messrs. BOTSFORD & BARRY, for plaintiff in error; that the State Board of Equalization could not impose any rule to destroy uniformity in taxation, cited C. B. & Q. R. R. Co. v. Cole, 75 Ill. 591.

The bill should not have been dismissed on motion, but

Elgin City Banking Co. v. Eaton.

should have been retained for answer: Wescott v. Wicks, 72 Ill. 524.

If the assessment was made on the deposit account, which was not subject to taxation, it is illegal: McConkey v. Smith, 73 Ill. 313.

A court of equity will restrain an unauthorized tax: Vieley v. Thompson, 44 Ill. 9; Ill Cent. R. R. Co. v. McLean, 17 Ill. 291; Drake v. Phillips, 40 Ill. 388; Nat. Bank Shawneetown v. Cook, 77 Ill. 622.

Taxes must be uniform   Village of Nunda v. Crystal Lake, 79 Ill. 311; Bureau Co. v. C B. & Q. R. R. Co. 44 Ill. 229; C. & N. W. R. R. Co. v. Boone Co. 44 Ill. 240; Darling v. Gunn, 50 Ill. 424; C. & A. R. R. Co. v. Livingston Co. 68 Ill. 458.

Mr. HENRY B. WILLIS and Mr. EUGENE CLIFFORD, for defendant in error; that the action of the State Board, including United States bonds in arriving at the capital stock, was legal, cited The People v. Bradley, 39 Ill. 130; McVeagh v. City of Chicago, 49 Ill. 318; City of Chicago v. Lunt, Preston & Kean, 52 Ill. 414.

As to assessment of capital stock: Porter v. R. R. I. & St. L. R. R. Co. 76 Ill. 561.

There is no allegation of fraud in the bill, and a court of equity cannot take jurisdiction: Cook County v. C. B. & Q. R. R. Co. 35 Ill. 466; Chicago v. Beatrice, 24 Ill. 489; Elliott v. Chicago, 48 Ill. 294; Ottawa v. Walker, 21 Ill. 608; Metz v. Anderson, 23 Ill. 467; Porter v. R. R. I. & St. L. R. R. Co. 76 Ill. 561.

The motion to dissolve injunction was treated as a demurrer, and there was no error in dismissing the bill, leave to amend not being asked for: McDowell v. Cochran, 11 Ill. 31; Puterbaugh v. Elliott, 22 Ill. 159; Swinney v. Beard, 71 Ill. 27.

PER CURIAM.   This was purely an injunction bill to restrain the collection of a tax assessed by the State Board of Equalization upon the capital stock of plaintiff in error.   Upon motion the court below dissolved the injunction and dismissed the bill.   All the questions made by the plaintiff in error are fully

argued and determined in the case of the Pacific Hotel Co. v. Lieb et al. in 83 Ill. 602, and we do not deem it necessary to re-state the principles there announced.

The injunction was properly dissolved, and no other relief being sought by the bill, it was not error to dismiss it upon such motion. Titus v. Mabee, 26 Ill. 257.

Decree affirmed.